

**Clayman & Rosenberg** LLP

305 Madison Avenue
New York, NY 10165
T: 212-922-1080
F: 212-949-8255
www.clayro.com

Isabelle A. Kirshner
Partner
layro.com

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J.  6/8/2018

Hon. Vernon Broderick
United States Courthouse
Foley Square
New York, N.Y. 10007
BY ECF

<u>United States v. Yan</u>
15 Crim. 706 (VSB)

Dear Judge Broderick:

    We represent Shiwei Yan, the above named defendant. On July 29, 2016, you sentenced Ms. Yan to a term of imprisonment of 20 months, two years of Supervised Release and a $12,500.00 fine. Wanting to begin her sentence as quickly as possible, Ms. Yan surrendered to the Bureau of Prisons well before any prison designation was made and started serving her sentence on August 9, 2016. She was released to community confinement in August 2017 and discharged from Bureau of Prisons supervision on December 20, 2017.

    On December 21, 2017, your honor granted our request to permit Ms. Yan to travel to China to see her elderly parents. While in China, she was in regular contact with her Probation Officer via email and returned to the United States on March 3, 2018. Since being placed on Supervised Release, she has been fully compliant with all its requirements. Sheri speaks to her parents every day and while it was wonderful to be reunited with them, she realized how much they had aged since she saw them before her arrest. They require more care and attention. Leaving them was difficult and remaining apart from them is particularly trying.

    I am submitting this letter in support of Ms. Yan's request that the Court immediately terminate Supervised Release and permit her to leave the United States to reunite with her family. If the Court grants this request, it is Ms. Yan's intention to return to China to care for her parents, who are aged and ailing. Her father will soon be 89 and is losing his eye sight, and her mother is 87 years old and is having difficulty caring for her husband. Thereafter, she intends to return to Australia to live with her husband, who is 71, and resides in a community of friends and supporters.

    The fine imposed upon Ms. Yan was paid to the District Court on July 29, 2016. Prior to the imposition of sentence, there was an agreed upon forfeiture of $300,000.00. Ms. Yan agreed to the government's request for a Stipulation and Order, formally entered on September 8, 2016, which

provided that the government will receive $300,000.00 of the proceeds of the sale of an apartment Ms. Yan owns in Arlington, Va.[1]  At the time of her arrest in this case, the apartment was valued at approximately $1 million and was used, in part to secure Ms. Yan's bond. Unfortunately, through no fault of Ms. Yan, the condominium has been involved in on-going litigation that has, for all intents and purposes, prevented the sale of any units at a fair market price. Obtaining the highest price for the apartment will not only allow Ms. Yan to satisfy her forfeiture obligations to the government, but will also allow her to repay loans from friends and family who helped with legal fees and other expenses.

Ms. Yan, who is 63 years old, is unemployed and essentially homeless. She no longer has the apartment where she lived prior to her incarceration and sleeps at her daughter's shared apartment during the week. She is receiving much needed psychological counseling, subsidized by Medicare through the Department of Probation. She frequently travels to Arlington to work on the apartment, trying to upgrade it in anticipation of its sale. It has been listed with a broker, but until the underlying litigation is resolved, there are few opportunities to sell her unit at fair market value.

As you may recall from our sentencing submission, Ms. Yan has lived in the United States, China and Australia. Between the years 1987 to 1994, she resided mostly in the U.S., but since the birth of her daughter in 1995, she moved to Australia and travelled to the United States occasionally. In 2001, she relocated to Beijing, where she was employed at a U.S. based company.

In anticipation of submitting this letter, I consulted with the prosecutors assigned to this matter regarding this request. They indicated that they would not oppose the request for early termination of Supervised Release if the forfeiture order previously entered was modified to provide that Ms. Yan sell the Arlington, Va. property within one year of the entry of the modified Stipulation and Order. If the property is not sold within one year, the U.S. Marshals Service will take possession of the property, sell it, and apply the net proceeds of the sale to satisfy Ms. Yan's forfeiture obligations.  The modified order provides for additional restrictions on the sale or encumbrance of the Arlington property. The Order was entered on May 25, 2018. (See  attached as Ex. A)

Now that the order has been modified, the Government has no objection to the early termination of Supervised Release so that Ms. Yan can move abroad. The Government does request that Ms. Yan advise the Department of Probation in the event that she returns to the United States.

In addition, I asked the Department of Probation what their position was with respect to this request. I received the following from Officer Jennifer Arango: "The probation department does not object to an early termination after one (1) year supervision has been completed or Yan being supervised out of country for the duration of her supervised release.  However, in regards to early termination the probation department recommends Yan to complete at one year of supervised release,  Under 18 USC 3564 (c) and 3583 (e) (1), the court may terminate terms of probation in misdemeanor cases at any time and terms of supervised release or probation in felony cases after the expiration of one year supervision if satisfied that such action is warranted by the conduct of a release and is in the interest of justice." (sic)

---

[1] Ms. Yan purchased the Arlington apartment in the early 1990s and resided there part time until 2001, when she moved to Beijing.

While we recognize the importance and value of Supervised Release when an individual is released from custody and thereafter resides in our city or country, it makes little sense in the instant matter. If permitted, Ms. Yan will leave the U.S. to live abroad and she is not likely to return anytime soon[2]. The sensible and humane course here is to permit Ms. Yan to leave the United States, return to her parents in China and her husband in Australia, thereby saving the U.S. tax payer the cost of supervising her and providing her with medical care. She is not a threat to commit any new crimes and her continued presence in the United States serves no legitimate purpose.

Thank you for your attention to this matter.

Very truly yours,

ISABELLE A. KIRSHNER

cc: Janis Eichenberg, Esq.
    Daniel Richenthal, Esq.
    Jennifer Arango, Department of Probation (by email)

---

[2] Ms. Yan is a citizen of the United States and Australia, so would be permitted to return should she so desire. Her daughter would be given Power of Attorney in order to complete any transaction having to do with the sale of the Arlington apartment.

EXHIBIT A

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/25/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA          :     STIPULATION AND ORDER
                                        S2 15 Cr. 706 (VSB)
        - v. -                    :

                                  :

SHIWEI YAN,
   a/k/a "Sheri Yan,"             :

        Defendant.                :

- - - - - - - - - - - - - - X

WHEREAS, on or about January 20, 2016, SHIWEI YAN, a/k/a "Sheri Yan," (the "defendant"), was charged in a one-count Superseding Information, S2 15 Cr. 706 (VSB) (the "Information"), with bribery, in violation of Title 18, United States Code, Sections, 666(a)(2) and 2 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count One of the Information;

WHEREAS, on or about January 20, 2016, the defendant pled guilty to Count One of the Information and admitted the forfeiture allegation with respect to Count One of the Information, pursuant to a plea agreement with the Government,

wherein the defendant agreed to forfeit to the United States, pursuant to Title 18, United States Code, 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), a sum of money equal to $300,000 in United States currency, representing property, real and personal, that constitutes or is derived from proceeds traceable to the defendant's commission of the offense alleged in Count One of the Information;

WHEREAS, on or about January 20, 2016, the Court entered a Consent Preliminary Order of Forfeiture that imposed a money judgment upon the defendant in the amount of $300,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, on or about September 8, 2016, this Court entered a Consent Stipulation and Order (the "September 2016 Order") in which the parties agreed that the defendant would sell 1200 Crystal Drive #214, 211, Arlington, Virginia 22202 (the "Subject Property") and satisfy the outstanding Money Judgment with the net proceeds of the sale;

WHEREAS, the Subject Property has not been sold and the Money Judgment remains unsatisfied;

2

WHEREAS, pursuant to Title 21, United States Code, Section 853(p), the Government is entitled to forfeit the Subject Property as a substitute asset up to the amount of the Money Judgment;

WHEREAS, the parties agree that if the Subject Property has not been sold within one year of the signing of this Stipulation and Order, the United States Marshal Service may take possession of and sell the Subject Property and apply the net proceeds of the sale to satisfy the Money Judgment; and

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney, Geoffrey Berman, United States Attorney, Assistant United States Attorney Janis Echenberg, of counsel, and the defendant, Shiwei Yan, and her counsel, Isabelle Kirshner, Esq. that:

1.  The defendant shall sell the Subject Property and satisfy the outstanding Money Judgment with the net proceeds of the sale, as set forth in the September 2016 Order, within one year from the date of entry of this Stipulation and Order, or any later date agreed to by the Government via written notice to counsel for the defendant (the "Sale Deadline"). The Government shall have absolute discretion in determining whether or not to extend the Sale Deadline.

3

2. If the defendant fails to sell the Subject Property and satisfy the outstanding Money Judgment with the net proceeds of the sale by the Sale Deadline:

 a. The United States Marshals Service is authorized to take possession of and sell the Subject Property and apply the net proceeds of the sale, as defined in the September 2016 Order, to satisfy the Money Judgment.

 b. The defendant shall expeditiously execute any and all paperwork and fulfill any other requirements in furtherance of a Marshals sale of the Subject Property, including vacating the Subject Property within 30 days after the Sale Deadline.

 c. If the net proceeds of the Subject Property are greater than the unpaid balance of the Money Judgment at the time of the sale, any excess net proceeds shall be transferred by the Marshals to the defendant in the manner directed by the defendant's counsel.

3. The defendant shall not transfer or encumber the Subject Property, or incur any obligations secured by the Subject Property, except in connection with a sale of the property pursuant to paragraph 1 of this Stipulation and Order.

4

4. The defendant shall maintain the Subject Property at her expense in the same, or better, condition and repair as of the date of this Stipulation and Order. The term "maintain" shall include, but not be limited to, keeping the Subject Property free of hazards and/or structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the Subject Property clean and performing necessary sanitation and waste removal; maintaining the Subject Property and grounds in good condition by providing snow removal, lawn mowing and all other ordinary and necessary routine maintenance. The defendant shall maintain casualty and fire insurance equal to the full replacement cost of the Subject Property and all improvements thereon, and shall maintain liability insurance for injuries occurring on or resulting from the use of the property, or activities or conditions thereon. The defendant shall also timely pay any and all mortgage, home equity loan, rent utilities, sewer, trash, maintenance, tax and/or other obligations, otherwise necessary and due on the Subject Property. Moreover, the defendant shall abide by all laws, codes, regulations, ordinances, covenants, rules, bylaws, binding agreements and/or stipulations or conditions pertaining

5

to the care, maintenance, control and use of the Subject Property.

5. The United States Marshals Service or its designees shall have the right to enter and inspect the Subject Property, upon 72 hours advance notice to the defendant's attorney, in order to ensure compliance with this Stipulation and Order. The defendant shall fully cooperate with any persons and entities designated by the Marshals to inspect the Subject Property.

6. The Court shall retain jurisdiction to enforce this Stipulation and Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

7. Each party shall bear its own costs and attorney's fees.

8. The Clerk of the Court shall forward three certified copies of this Stipulation and Order to the United States Attorney's Office, Southern District of New York, Attn: Alexander Wilson, Chief, Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

9. The signature page of this Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Signature pages may be by email or fax and such signatures shall be deemed as valid originals.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____        5/23/18
    JANIS ECHENBERG                         DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    Tel.: (212) 637-2597

DEFENDANT SHIWEI YAN

By: _____        5,21,2018
    SHIWEI YAN                              DATE

By: _____        5-21-18
    ISABELLE A. KIRSHNER, ESQ.             DATE
    Clayman & Rosenberg, LLP
    305 Madison Ave., Ste. 1301
    New York, N.Y. 10165
    Counsel for Shiwei Yan

SO ORDERED:

_____            5/25/18
HONORABLE VERNON S. BRODERICK             DATE
United States District Judge

7